539 A.2d 45

L. A. M., D. T. M., in behalf of L. A. M., Minor, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs November 24, 1987, to Judges CRAIG, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Darlene T. Moore,* for herself.

*Ruth O'Brien,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 21, 1988:

D.T.M. (Petitioner), on behalf of her daughter L.A.M., appeals from a decision of the Department of Public Welfare, Office of Hearings and Appeals (DPW) directing the Beaver County Office of Children, Youth and Families (Beaver County OCY) to expunge the record of T.M., L.A.M.'s father, of an indicated report of child abuse against L.A.M.

On April 21, 1983 an indicated report of child abuse was entered on T.M.'s record by the Beaver County OCY. T.M. requested expungement which was denied by the Beaver County OCY on August 29, 1983. T.M. appealed this denial to DPW. Prior to a hearing being held, the Beaver County OCY notified the hearing officer assigned to the case that it had, on July 13, 1986, changed the status of the child abuse report in T.M.'s record from indicated to unfounded. On the basis of this change, the hearing officer recommended that T.M.'s appeal be sustained and that T.M.'s record be expunged. DPW adopted this recommendation in its final order issued July 18, 1986.

Petitioner filed a notice of appeal from this decision with the Beaver County Court of Common Pleas on August 14, 1986. The appeal was transferred to this court on November 12, 1986. Petitioner contends that it was

error for T.M.'s record to be expunged of the child abuse report without a hearing at which Petitioner could "show cause why this record [of indicated child abuse] should be maintained."

Extensive research has disclosed no cases in which the determination to change an indicated report of child abuse to unfounded has been challenged. Close scrutiny of the Child Protection Services Law (Law), Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224, shows that the Legislature provides no opportunity for that determination to be challenged and so Petitioner has no right to a hearing to contest the change of the child abuse report in question from indicated to unfounded.

The purpose of the Law is set forth in section 2 as being—

> to encourage more complete reporting of suspected child abuse and to establish in each county a child protective service capable of investigating such reports swiftly and competently, providing protection for children from further abuse and providing rehabilitative services for children and parents involved so as to ensure the child's well-being and to preserve and stabilize family life whenever appropriate. . . .

11 P.S. §2202. Section 6 of the Law, 11 P.S. §2206, places a duty on the local child protective service to investigate all reports, oral or written, which are received, and section 14(f) of the Law, 11 P.S. §2214(f), provides that the information received in a complaint of child abuse "shall not be considered a child abuse report unless the agency to which the information was referred has reason to believe that abuse occurred." In order to ensure that complaints are investigated promptly and properly, the Legislature, in section 14(k) of the Law, 11 P.S. §2214(k), states that DPW is

authorized, and its duty shall be, to take appropriate action to require that the provisions of this act be strictly followed which action may include, without limitation, the institution of appropriate legal action and/or the withholding of reimbursement for all or part of the activities of the county children and youth social service agency.

The Law is clear that once a report of child abuse is determined to be unfounded, it must be expunged. Section 14(h) of the Law, 11 P.S. §2214(h), provides, in pertinent part:

When a report of suspected child abuse is determined by the appropriate child protection service to be an unfounded report, the information concerning such report of suspected child abuse shall be expunged from the pending complaint file within 12 months of the date the report was received by the department. . . .

Under this statute, it is mandated that once the Beaver County OCY determined that the report of child abuse was unfounded, T.M.'s record was required by law to be expunged. In fact, section 14(1) of the Law, 11 P.S. §2214(1) provides that "persons or officials authorized to keep such records . . . who willfully fails [sic] [to expunge unfounded reports] shall be guilty of a summary offense, except that for a second and subsequent offense shall be guilty of a misdemeanor of the third degree. . . ."

Neither the statute nor the caselaw provides a right of appeal from the determination of the appropriate child protection service where there has been a change of a report of child abuse from indicated to unfounded. The Law provides a right of appeal to those who have had complaints of child abuse made against them. *See* section 14(h) and 15(d) of the Law, 11 P.S. §§2214(h)

and 2215(d). Section 15(d) of the Law also allows appeal by the child's guardian of the expungement of any indicated or founded report of child abuse. We note, as indicated above, that the Legislature has imposed on DPW a duty to ensure that the local child protection service is acting properly. Therefore, only DPW can challenge the Beaver County OCY's action in changing the status of the child abuse report from indicated to unfounded as improper.

Additionally, we note that Petitioner has no due process right to a hearing in this matter. Entitlement to an opportunity to be heard as to the final decision of an administrative agency pursuant to the Administrative Agency Act, 2 Pa. C. S. §§501-754, hinges on whether the individual asserting this due process right has a personal or property right which was affected by the decision. *See Hasinecz v. Pennsylvania State Police*, 100 Pa. Commonwealth Ct. 622, 515 A.2d 351 (1986), *allocatur denied*, 516 Pa. 636, 533 A.2d 94 (1987). The only individual in this case who had a personal or property right which was affected by the decision of the Beaver OCY to change the report of child abuse against TM from indicated to unfounded was TM.

While we understand Petitioner's concerns, the Legislature has not seen fit to provide the victims of child abuse with any private right of enforcement of the provisions of the Law or with any right of appeal from the expungement of an unfounded report, even where the status of the report was changed from indicated to unfounded.

Accordingly, the appeal is quashed.

ORDER

AND NOW, March 21, 1988, the appeal of Petitioner is quashed for lack of standing.

DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

I respectfully dissent. On March 22, 1985, a criminal complaint was filed charging T.M. with the rape, statutory rape, criminal attempt to commit rape, involuntary deviate sexual intercourse, and indecent assault of his then six year old natural daughter, L.A.M. A preliminary hearing was held on April 11, 1985, during which the child testified that she had been assaulted on at least five occasions in 1983, after which T.M. was bound over for trial on all counts. A non-jury trial was held on October 15, 1985, at which once again the child testified as to sexual abuse under cross-examination and in the presence of her father. T.M. was subsequently acquitted on all charges.

A report of child abuse arising out of this incident was filed with Beaver County OCY on April 21, 1983 and reported to the Statewide central register maintained by DPW. T.M. petitioned DPW to expunge this report under Section 15(d) of the Law, 11 P.S. §2215(d). This request was initially denied and a request for rehearing continued pending resolution of the criminal charges filed against T.M. On July 3, 1986, Beaver County OCY filed a supplemental child abuse report under 55 Pa. Code §3490.67(c), advising DPW that based on the outcome of the trial it was changing the child abuse report from indicated to unfounded. DPW then held a hearing on July 18, 1986, and *automatically* expunged the child abuse report under Section 14(h) of the Law, 11 P.S. §2214(h). *After* this decision had been made by Beaver County OCY, the expungement hearing had been held, and the child abuse record destroyed, DPW *then* notified the child's mother for the first time of any of these proceedings by letter dated August 1, 1986. It is from this letter that Petitioner appeals.

The majority, in my opinion, decides this case under the wrong Section of the Law. T.M. petitioned for expungement under Section 15(d) of the Law, 11 P.S. §2215(d), *not* 14(h) that the majority partially quotes. The pertinent part of Section 14(h) not quoted by the majority states that:

> *Section 14(h):* When such a report of suspected child abuse is determined by the appropriate child protective service to be a founded or an *indicated* report, the information concerning such report of suspected child abuse shall be expunged forthwith from the pending complaint file and an appropriate *entry shall be made in the Statewide central register.* Notice of such determination shall be given to the *subjects of the report* other than the abused child along with an explanation of the implications of such a finding. . . . (Emphasis added.)

In the present case, Beaver County OCY initially determined the child abuse report to be *indicated* and transferred the report to the Statewide central register. This removes the case from Section 14(h). The remainder of this Section deals with the authority of the local children and youth agency to expunge *ex parte suspected* child abuse reports that have not been transferred to the Statewide central register. T.M. filed for expungement of the Statewide central register maintained by DPW under Section 2215(d) of the Law. This is the reason why DPW and *not* Beaver County OCY is the respondent in this case.

How does one expunge a report of child abuse contained in the Statewide central register maintained by DPW? Section 15(d) of the Law sets up a specific procedure:

> *Section 15(d):* At any time, a subject of a report may request the secretary to amend, seal or

expunge information contained in the Statewide central register on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this act. If the secretary grants the request the Statewide central register, appropriate child protective service agency and *all subjects* shall be so advised within seven days from the date of this decision. The child protective service agency and *any subject* have 45 days in which to file an appeal with the secretary. If such an appeal is received, the secretary or his designated agency shall schedule a *hearing*. . . . (Emphasis added.)

The subjects of the report that 14(h) and 15(d) refer to are defined by Section 3 of the Law, 11 P.S. §2203, as any child reported to the central register of child abuse and his *parent, guardian or other person responsible also named in the report.* It is undisputed that D.T.M. is the parent of the child named in the report. She is entitled to notice of the expungement action, an opportunity to appeal, and a hearing, none of which she received in this case.

We wish to amplify that this case deals with, and was initiated by, a father attempting to expunge an indicated child abuse report from the DPW Statewide central register under Section 15(d) of the Law. Section 14(h) only applies to expungement of suspected child abuse reports that never make it to the Statewide central register by the appropriate child protective service itself. There is a vast difference in procedure between a child protective service automatically expunging unfounded child abuse reports from its pending complaint file and a subject of an indicated child abuse report attempting to expunge a report from a Statewide central register.